UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOMINIQUE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>FRANK VANIHEL Warden,<br>KEVIN GILMORE Deputy Warden,<br>FISCHER Unit Team Manager,<br>MOSELEY Counselor,<br>MICHAEL ELLIS Facility Liason,<br>SHELBY CRINCHFIELD Grievance Specialist,<br>YARBER Lieutenant,<br>IVY Sergeant,<br>RIORDEN Correctional Officer,<br>LANDCASTER Correctional Officer,<br>MCDONALD Correctional Officer,<br>ARNOLD Correctional Officer,<br>ALZATE Correctional Officer,<br><br>Defendants. | No. 2:26-cv-00430-JRO-MKK |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Dominique Clark proceeds, in part, on First Amendment retaliation claims against defendants Katherine Fischer, Ashley Moseley, and Michael Ellis.[1] The defendants have moved for summary judgment on these claims for Clark's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. 18. For the reasons below, their motion is **GRANTED**.

[1] Although not listed in the case caption, Fischer and Moseley self-identified their first names on the docket. *See, e.g.*, dkt. 16

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. FACTUAL BACKGROUND

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572-73.

At all relevant times, Clark was an inmate at Wabash Valley Correctional Facility ("Wabash Valley"), an Indiana Department of Correction ("IDOC") facility. He alleges he was moved into cell A-1202 in July 2023. He filed a grievance about a faulty toilet in that cell. Thereafter, he alleges that Fischer, Moseley, and Ellis moved him from cell A-1202 into a mold-infested cell because he filed a grievance. *See* dkt. 9.

Wabash Valley maintains an offender grievance process. *See* dkt. 19-1 at 3–17. All inmates are made aware of the grievance process during orientation, and a copy of the policy is available to inmates in the law library. *Id.* at 2. Clark has properly used the grievance process through grievance appeal at least once. Dkt. 19-2.

The designated evidence reflects that Clark submitted one grievance related to his allegations in this matter: grievance numbered 23-164887. *Id.;* Dkt. 19-1 ¶ 11; Dkt. 19-1 at 20–26. It is undisputed that this grievance did not address the allegedly retaliatory cell transfer. *See generally* dkt. 23. Clark also designates evidence of a second grievance numbered 23-149347, which would have been filed before the allegedly retaliatory action occurred. Dkt. 22 at 2.

## III. DISCUSSION

The PLRA, 42 U.S.C. § 1997e, requires that a prisoner exhaust available administrative remedies before suing over prison conditions. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust available [administrative] remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)) (citation omitted). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)) (citation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citation omitted). "An inmate must comply with the administrative process that the State establishes[.]" *Id.*; *accord Ross v. Blake*, 578 U.S. 632, 638–39 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust").

The designated evidence reflects a sworn interrogatory that states "Please list by grievance number what grievance(s) you submitted to grieve the Defendants regarding your allegations in your Complaint[,]" to which Clark

responded only, "23-164887[.]" Dkt. 19-2 at 1. Clark does not dispute that this grievance did not address his First Amendment claims. *See also* Dkt. 19-1 at 20–26. So, it cannot serve as a basis for exhaustion.

Clark argues that he exhausted administrative remedies as to his First Amendment claims via a difference grievance that is not in the record. He designates evidence that he filed a grievance numbered 23-149347 about being "moved from cell 710 *to* cell A-1202" in July 2023. Dkt. 22 at 2 (emphasis added). But even if this grievance was in the record, his First Amendment claim rests on being moved *from* cell A-1202, not to it. *See* dkt. 1 at 7; Dkt. 9 at 2–3. While Defendants argue the evidence of grievance 23-149347 should be disregarded as a sham affidavit, dkt. 23 at 2, the more fundamental issue is that this grievance cannot exhaust administrative remedies for a retaliatory act that had yet to occur. Dkt. 1 at 7 (describing the alleged retaliatory acts to have begun with a transfer *from* cell A-1202).

Clark also says he submitted "numerous grievances concerning this retaliation" but "never heard back from the administration." Dkt. 22 at 3. But "[s]ummary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough." *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) (cleaned up). Moreover, unlike his reference to grievance 23-149347, this statement is not offered in the form of an affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746. It is not admissible evidence on which the Court may rely to decide the present motion.

In sum, the designated evidence identifies only one grievance that does not address his First Amendment claim. Clark states there is one additional grievance, which is not in the record, that addressed his First Amendment claim. But by Clark's own admission, this purported additional grievance was filed before the underlying retaliation commenced. It is an insufficient basis for any reasonable jury to find that he exhausted his administrative remedies.

## IV. CONCLUSION

Defendants' motion for partial summary judgment, dkt. [18] is **GRANTED**. No partial final judgment shall issue at this time. Clark's Eighth Amendment claims shall continue to proceed. The Magistrate Judge is requested to issue a scheduling order for this case moving forward.

**SO ORDERED**.

Date: 9/17/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DOMINIQUE CLARK
209241
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com